

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2006

# USA v. Braun

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Braun" (2006). *2006 Decisions*. Paper 1125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1402

_____

UNITED STATES OF AMERICA

v.

PATTI I. BRAUN,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00163)
District Judge: Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges,
and IRENAS,* District Judge

(Opinion filed: May 11, 2006)

_____

OPINION

_____

AMBRO, Circuit Judge

        Patti Braun appeals her sentence entered by the United States District Court for the

_____

        *Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

Western District of Pennsylvania. She argues that the Court applied the Federal Sentencing Guidelines in a mandatory (as opposed to advisory) way in violation of *United States v. Booker*, 543 U.S. 220 (2005). For the reasons stated below, we disagree and thus affirm the judgment of the District Court.[1]

## I.

As we write solely for the parties, we discuss only those facts necessary to our decision. Braun was convicted, pursuant to a plea agreement, of theft from a local government agency receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A). The parties stipulated that the loss associated with the charged conduct was between $120,000 and $200,000. The District Court found that, "[u]nder the now advisory provisions" of the Guidelines, Braun's base offense level was six. The Court increased this by ten levels for the stipulated loss amount and by two levels for abuse of a position of public trust, for an adjusted offense level of eighteen, which was in turn reduced by three levels for acceptance of responsibility. Her criminal history category was I. The Court noted that "[t]he recommended guideline provisions" yielded a range of eighteen to twenty-four months, and sentenced her to an eighteen-month term of imprisonment, three years supervised release, restitution in the amount of $136,396.87, and a special assessment of $100.

---

[1]We have jurisdiction to review Braun's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of law"). *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Braun argues that "although the sentencing judge recognized that the federal sentencing guidelines were . . . only to be used in an advisory manner, the Court nonetheless treated and applied the guidelines in a mandatory fashion." In support of this assertion, Braun cites: the Court's references to the base offense level; the increases and reductions for loss amount, abuse of public trust, and acceptance of responsibility; her criminal history category; and the Guidelines range.

## II.

We review challenges to sentences for reasonableness. *Booker,* 543 U.S. at 264. In *Booker*, the Supreme Court held that the Federal Sentencing Guidelines are advisory. *Id*. at 259-60. Accordingly, district courts must not apply the Guidelines in a mandatory fashion, but are required to consider them, as well as the other factors set forth in 18 U.S.C. § 3553(a), in determining an appropriate sentence. *Id*. at 259; *see also United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (post-*Booker*, "[t]he record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors"). The § 3553(a) factors a court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) *the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .*

3

18 U.S.C. § 3553(a) (emphasis added).

Here, Braun does not challenge the adequacy of the Court's consideration of the § 3553(a) factors, but instead suggests that the mere reference to the Guidelines "clearly indicates that the Court was applying [them] in a mandatory fashion." This argument we do not buy. The Court here explicitly recognized that the Guidelines are "now advisory," and referred to the "recommended" Guidelines provisions when entering Braun's sentence. Its articulation of the advisory nature of the Guidelines post-*Booker* is in no way inconsistent with its consideration – as required by *Booker* and *Cooper* – of the applicable Guidelines range or its ultimate decision to sentence Braun within the advisory range.

\* \* \* \* \*

For the reasons stated herein, we affirm the judgment of the District Court.